USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/15/2022



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**WYNEE NGO**
*Assistant Corporation Counsel*
p: (212) 356-0877
e: wngo@law.nyc.gov

August 12, 2022

**Via ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Lehrburger_NYSDChambers@nysd.uscourts.gov

Re: *D.R. v. N.Y.C. Dep't of Educ.*, 22-CV-00005(GHW)(RWL)

Dear Judge Lehrburger:

I am the Assistant Corporation Counsel in the Office of the Corporation Counsel, assigned to represent Defendant New York City Department of Education ("DOE" or "Defendant") in the above-referenced matter, wherein Plaintiff seeks attorneys' fees pursuant to the fee-shifting provision of the IDEA, 20 U.S.C. § 1415(i)(3).[1]

I write to respectfully request that the settlement conference scheduled for August 18, 2022, be adjourned *sine die*. Plaintiff does not consent to this request. Yesterday, Defendant formally offered the amount of **$65,000.00** ("Offer") pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(D)[2]

---

[1] Plaintiff's complaint also sought an order directing DOE to implement orders in two administrative proceedings. As Defendant has previously represented, to Plaintiff and to the Court, the DOE is in full compliance with the administrative orders. As to IH# 179528, the DOE has effectuated payment on all alleged outstanding invoices. The DOE has also authorized compensatory banks for the services ordered at the administrative level, to private providers, at private rates (or as Plaintiff coins the term "enhanced rates"). As to IH# 203405, the DOE funded the ordered independent evaluations in May of 2021, prior to Plaintiff's filing of the Complaint. As such, all Plaintiff's implementation claims are moot, and the only claim that remains is Plaintiff's claim for attorneys' fees.

[2] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys' fees and related costs for certain services
(i) In general. Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this action for services performed subsequent to the time of a written offer of settlement to a parent if —

to fully resolve this case. The Offer, should it prove (as we believe it will) more favorable than any award of this Court for fees and costs accrued as of the date of the Offer, will serve to cut off any recovery for work performed beyond that date.

Guided by recent decisions from the S.D.N.Y., Defendant has determined that not only would it be unable to obtain authority exceeding the Offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides. In short, should Plaintiff's counsel be encouraged to take IDEA written offer of judgment, as merely an invitation to mediation or negotiation, the purpose and intended effect of such offer will be lost.

Defendant's Offer will create a hurdle at any conference toward achieving resolution, and we do not believe that it would be appropriate to consume the Court's time with an unnecessary conference. Alternatively, if the Court wishes to proceed with a settlement conference, Defendant respectfully advises the Court that the Defendant will not be able to attend the conference with any additional settlement authority, as we have fully valued this case, and are confident that if the case goes to briefing, the Offer will serve to cut off any recovery for work performed beyond that date.

Accordingly, Defendant respectfully requests that the settlement conference scheduled for August 18, 2022 be adjourned *sine die*, and that the parties submit a briefing schedule no later than October 3, 2022, in the event that the parties cannot settle this matter.

Thank you for Your Honor's consideration of this request.

Respectfully yours,

/s/

WYNEE NGO
Assistant Corporation Counsel

Motion to adjourn denied. The Court will proceed with the settlement conference with counsel only. If, however, based on further discussions between the parties prior to the conference, Plaintiff agrees that proceeding with the conference is fruitless, Plaintiff shall so notify the Court, at which point the conference will be adjourned sine die.

SO ORDERED:

8/15/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

---

(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

(II) the offer is not accepted within 10 days; and

the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.